# Hughes's Appeal.

A court below cannot engraft on a decree of the Supreme Court an order of restitution not contained in said decree. If restitution be ordered it is a constituent part of the judgment, but if not found therein it cannot be made a part thereof by the lower court, whose duty is limited to enforcing the decree without any enlargement or change in its legal effect.

March 27th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, WOODWARD, TRUNKEY and STERRETT, JJ.

Appeal from the Court of Common Pleas of *Montgomery county*: Of January Term 1879, No. 53.

Appeal of John Hughes and others from the decree of the court directing the restitution of certain money paid to appellants as distributees of a fund. It appeared that on September 27th 1871, the Mutual Fire Insurance Co. of Montgomery County, which had been summoned as garnishee of Daniel S. Nippes, paid $1385 into court for distribution. Before an auditor this fund was claimed by Margaret Nippes, wife of defendant, and by the appellants, the attaching creditors. It was awarded to the latter in the following proportions: John J. Hughes, $247.50; S. E .Hartranft, $247.30, and A. J. Anderson, $681.68. The report of the auditor was confirmed, and a decree for a distribution in accordance therewith was made August 19th 1872, and no appeal having been taken therefrom, the court, on September 27th 1872, directed payment of the fund in conformity with the decree. On September 3d 1873, Daniel S. Nippes, and Margaret, his wife, appealed to the Supreme Court, and on May 23d 1874 the proceedings were returned with a certified copy of the opinion of said court and remittitur, stating: "Decree reversed at the cost of the appellees, and record remitted

[Hughes's Appeal.]

that the fund in court may be paid or distributed according to the principles of this opinion."

The case was again referred to an auditor to make distribution. Exceptions were filed to his report which the court dismissed, when Nippes and wife again appealed. On April 6th 1878, the proceedings were returned from the Supreme Court with the following opinion of said court:

PER CURIAM.—" When this case was here before it was carefully considered upon all the questions arising upon the record, as will be seen by the opinion (25 P. F. Smith 477). The decree was reversed at the cost of the appellees, and record remitted that the fund in court might be paid or distributed according to the principles of the opinion. There was nothing in the fact of the record being remitted to authorize the inference that this court contemplated another reference to an auditor, the taking of new evidence and a rehearing of the whole case. On the contrary, the plain mandate of this court was, that the fund should be paid or distributed according to the principles of the opinion, and the principles of the opinion plainly required that it should, after deducting the costs of the audit, be paid to the appellant, Mrs. Margaret Nippes. Nothing on the record, as now presented, changes the conclusion at which we then arrived.

" Decree reversed at the cost of the appellees. And now it is ordered that the fund in court, less the costs in the court below, be paid to the appellant, Margaret Nippes."

On April 22d 1878, a rule was granted on Hughes, Hartranft and Anderson to show cause why the court should not make an order on them to repay the amounts respectively paid to them. On August 10th 1878, this rule was made absolute; and the court directed that repayment should be made within thirty days. From this decree they took this appeal.

*James Boyd, H. K. Weand* and *Charles T. Miller*, for appellants.—The judgment of the Supreme Court was confined in its operation by its express words to the money in court. It was not intended that restitution of that which had been paid out should be made. Restitution is awarded only when payment has been compelled by execution on an erroneous judgment, not when paid without execution: Allegheny Bank's Appeal, 12 Wright 334. If an order of restitution had been contemplated, it would have been included in the judgment: Duncan *v.* Kirkpatrick, 13 S. & R. 294. This was a voluntary payment and there being no fraud, it cannot be recovered back: Natcher *v.* Natcher, 11 Wright 496; Espy *v.* Allison, 9 Watts 462: Boas *v.* Updegrove, 5 Barr 516; Baldy *v.* Brady, 3 Harris 111; Real Estate Savings Institute *v.* Linder, 24 P. F. Smith 371

[Hughes's Appeal.]

*J. D. Bennett* and *G. R. Fox*, for appellants.—The decree of the Supreme Court in 1874 taking cognisance of and deciding the appeal is conclusive. There was never any motion in the Supreme Court to quash the certiorari, dismiss the appeal, or to raise the question now made.

Mr. Justice MERCUR delivered the opinion of the court, May 7th 1879.

The contention in regard to this fund is now here for the third time. It was a contest between the appellee in her own right, and the appellants as attaching creditors of her husband's rights. The fund had been paid into court by an insurance company. The court below decreed the money to the attaching creditors. In Nippes's Appeal, 25 P. F. Smith 472, the decree was reversed "and record remitted that the fund in court may be paid or distributed according to the principles of this opinion." The court below thought the effect of the decree was to re-open the whole case, and therefore again referred it to an auditor, by whom additional evidence was taken. He again reported the former distribution, and it was confirmed by the court. Mrs. Nippes appealed therefrom to this court (Leg. Int. of 14th June 1878), when the following decree was entered: "Decree reversed at the costs of the appellees. And now it is ordered that the fund in court, less the costs in the court below, be paid to the appellant, Margaret Nippes." Since this decree, the court below, acting according to its understanding of the directions therein given, has ordered the appellants to pay into court certain moneys which it had ordered to be paid, and which were actually paid, to the appellants, nearly a year before Mrs. Nippes's first appeal was taken. That order to pay money to the appellants was made thirty-nine days after the final confirmation of an auditor's report decreeing it to them. The last order of the court ordering the money to be paid back, presents the error assigned.

The correctness of this order depends on the effect to be given to the last decree of this court. Its language in ordering payment to Mrs. Nippes is limited to "the fund in court." It does not extend to or include any money or fund not "in court." The decree did not contain any order of restitution. Whether the equities of the case would have required that it should have been done, cannot now be considered. It was not done. That decree we cannot now review nor change. We can only consider its commands and give effect to them. As restitution was not of course there is no legal presumption that it was not designedly withheld. The money which the appellants had received was not collected by them on execution, and therefore stands on a different footing: Allegheny Bank's Appeal, 12 Wright 334; Cassel *v.* Duncan, 2 S. & R. 57; Kirk *v.* Eaton, 10 Id. 103.

[Hughes's Appeal.]

When an order of restitution is made, it is not merely collateral to the judgment of reversal, but is a part of the judgment itself: Duncan v. Kirkpatrick, 13 S. & R. 294.    If then restitution be ordered, it is a constituent part of the judgment of reversal.    If not found therein, it cannot be a part of the judgment.    The decree of this court covered the whole case.    The power of the court below was limited to enforcing the decree thus made.    That being the whole judgment of this court, the Common Pleas could not enlarge it nor change its legal effect.    The 11th sect. of the Act of 16th June 1836, Purd. Dig. 1351, pl. 29, authorizes the Supreme Court whenever it shall have rendered a judgment, or made a final decree or decision in any cause, action or matter brought into the same by writ of error, certiorari or appeal, to remit the record with its judgment or decree to the appropriate court, which judgment, decree or decision said court shall duly carry into execution or effect; or the Supreme Court may order execution thereof to be done by process issuing out of the same, and thereupon remit the record.    The learned judge, therefore, erred in ingrafting on a decree of this court an order of restitution.

Order reversed.