# Brightly *v.* McAleer.

*Practice, Superior Court—Writ of restitution.*
A writ of restitution may be awarded under the Act of June 24, 1895, P. L. 212, where a verdict and judgment are reversed after execution issued below.

Petition for restitution.    November T., 1897, No. 32.

Petition is as follows : That F. F. Brightly brought an action of assumpsit against your petitioner in the court of common pleas No. 1, of Philadelphia county, which suit is entitled Frank F. Brightly against George McAleer, C. P. No. 1, June T., 1895, No. 751, in which suit the said Frank F. Brightly obtained judgment upon January 25, 1896, for want of a sufficient affidavit of defense, which judgment was afterwards reversed by your honorable court and a procedendo awarded; said case being reported in 3 Pa. Superior Ct. 442.

That your petitioner, owing to the fact that he was not advised of the action of the court in making absolute a rule for judgment for want of a sufficient affidavit of defense, failed to take out an appeal from the same within twenty-one days thereafter, and on the 17th day of February, 1896, a writ of fieri facias was issued by the plaintiff and defendant's property was levied upon.

That thereupon your petitioner paid the plaintiff his total claim, attorney's fee and writ, aggregating $253.41, and thereafter paid costs of stay of execution, sheriff's costs and costs of appeal to your honorable court, aggregating $272.91.

That your petitioner is advised and believes that the reversal of said judgment by your honorable court entitles him to an order of restitution under the Act of June 24, 1895, P. L. 212, 219, wherein it is provided, that if money is collected upon execution issued upon a judgment or decree which is afterwards reversed, the Superior Court may make an order of restitution.

Your petitioner, therefore, prays your honorable court to make an order of restitution, directing the said F. F. Brightly to repay your petitioner the said sum of $272.91.

No answer was filed.

*F. F. Brightly*, *P. P.*, submitted the following argument:

The judgment in this case, in the court below, was for the plaintiff, for want of a sufficient affidavit of defense. This judgment has been reversed by this court, on the ground that the affidavit was sufficient to send the case to a jury, and a procedendo was awarded. The defendant now files an affidavit that he has paid the money to the plaintiff, and asks this court to make an order of restitution.

In reply to this petition, it is respectfully submitted by the plaintiff that there is nothing on the record of this case to show that the money was made by the plaintiff upon his execution. The record (to be found in full at the end of this paper-book) so far as it relates to the execution, is as follows:

" Feb. 17, 1896, fi. fa. exit, returnable Monday, March 1, 1896.

" STAYED.

" Feb. 24, 1896, appeal of defendant to Superior Court from judgment of Jan. 25, 1896, filed."

The record simply shows an execution issued and stayed, and there is nothing to base an order of restitution upon. An affidavit of the defendant that he paid the money, under the stress of execution, is not sufficient to base an order of restitution upon, in the absence of a record showing that fact. Whether he paid the money under the pressure of an execution, and is entitled to recover it back, is always one of fact, where the record itself does not show such a payment, and the plaintiff would be entitled to have that question settled by a jury, upon a suit by the defendant to recover the money back.

But the judgment in this case, reversing the judgment of the court below, is not a final judgment, it is simply a reversal of the judgment and an award of a procedendo. The case will proceed in the court below, and, if this order is made, and the plaintiff recovers, he will be put to another execution for his money, and may lose his lien and never again be able to recover the money. On the other hand, if the plaintiff fails before the jury, it will then be for the defendant to make his motion for restitution (if ever maintainable under this record), or to bring suit against the plaintiff to recover back the money paid, and to show that it was paid under the stress of execution, and this will always be a question of fact, as the record shows execution

issued February 17, 1896, and stayed, and defendant in his paper-book claims he paid the money on February 21, 1896. This case would bear an entirely different aspect, if the record showed a sheriff's return to the writ of execution, that he had collected the money from the defendant, and paid it to the plaintiff. The defendant's affidavit, in fact, does not claim that he paid the money to the sheriff; it simply sets forth a payment to the plaintiff himself.

No special reason is shown why an order of restitution should now be made, and there is no reason shown why the parties should not remain in statu quo, until a final disposition of this case.

The Act of June 24, 1895, sec. 8, P. L. 212, does not make an order of restitution a matter of right, but simply provides that "if the money is collected . . . . upon execution issued upon a judgment or decree which is afterwards reversed, the Superior Court may make an order of restitution."

Restitution is not a matter of strict right. It has been refused upon the reversal of a judgment: Kirk v. Eaton, 10 S. & R. 103; and upon the setting aside of an execution: Baker v. Smith, 4 Yeates, 185. See also Ranck v. Becker, 13 S. & R. 41, and many other cases to the same effect.

All of which is respectfully submitted.

*H. W. Page,* for petitioner in reply submitted the following argument.—Had the defendant paid the sheriff before his property was sold, he would unquestionably have been entitled to an order of restitution: Whitesell v. Peck, 176 Pa. 170.

So, if he had paid the sheriff after the fieri facias had issued, but before a levy was made on his property, it could not be successfully contended that payment was voluntary, and he would be entitled to restitution: Benscotter v. Long, 167 Pa. 595; Travellers Insurance Co. v. Heath, 95 Pa. 333.

No authority sustains the plaintiff's position, that to entitle defendant to an order of restitution the payment must be made to the sheriff and by him remitted to the plaintiff and not to the plaintiff directly. Such a distinction is repugnant alike to sound reason, moral sense and common justice. Money is collected upon execution under the act of June 4, 1895, when it is paid by reason of the execution having been issued and to avoid a sale under the levy.

Plaintiff's position that an affidavit by defendant that he paid the money under stress of execution is not sufficient to base an order of restitution upon in the absence of a record showing that fact, is not sustained by any authority and is clearly inconsistent with every principle of sound pleading. By not filing an answer plaintiff admits the truth of the essential fact averred in the petition that payment was made after levy to prevent a sale. The case is analogous to an action of assumpsit where the defendant has failed to file an affidavit of defense, or to a bill in equity whose essential averments the respondent has not denied in the answer. Had the defendant (McAleer) brought an action of assumpsit to recover back the money paid, and averred in his statement the facts substantially set forth in the petition for restitution, and had the plaintiff (Brightly) filed an affidavit of defense setting forth the fact that the record merely showed that the fi. fa. was stayed without denying the essential averment in the statement that the defendant's property was levied upon and that the claim was paid to avoid a sale, surely such affidavit would be insufficient to prevent judgment. There would, therefore, seem to be nothing to send to a jury.

As the case now stands, plaintiff has succeeded in getting possession of money belonging to defendant to which he has no title and which, if there should be a verdict for the defendant, the latter might lose entirely by reason of the plaintiff's insolvency, whereas, if an order of restitution is made, the plaintiff will be in no worse position than he would have been had the affidavit been held sufficient by the court below, or had the appeal been taken within twenty-one days after judgment was entered.

No special reason need be shown why the order of restitution should be made; in the absence of special circumstances a party is entitled to restitution as a matter of course on the reversal of a judgment.

In Ranck v. Becker, 13 S. & R. 41, Chief Justice TILGHMAN said : " The general rule must be that on the reversal of a judgment the plaintiff in error is entitled to restitution."

In Coughanour v. Bloodgood, 27 Pa. 285, Chief Justice LEWIS said : " Restitution is in general a matter of right on the reversal of a judgment, but where the reversal is only of a judgment of revival or of an execution, and the original judgment remains unreversed, restitution is discretionary."

Such was the case of Kirk v. Eaton, 10 S. & R. 103, cited by plaintiff, in which a judgment on a sci. fa. sur judgment was reversed, leaving the original judgment in full force ; and restitution was refused because the defendant was in bad circumstances, and the money was ordered to be paid into court.

So, also, Baker v. Smith, 4 Yeates, 185, cited by plaintiff, was a case where execution was set aside, leaving the original judgment untouched; and restitution was refused because a probable if not a certain loss would thereby be incurred by the plaintiff.

In the case at bar the original judgment itself has been set aside by its reversal, and unless restitution be ordered the plaintiff will be allowed to retain money to which he has no right; and, as no suggestion of the defendant's insolvency has been made, it would seem to be a case where no injustice would be done by making an order of restitution, and grave injustice might result from its denial.

PER CURIAM, April 20, 1897 :
Restitution ordered as prayed for.

---

## In the Matter of the Assigned Estate of John W. Scott. Appeal of Joseph D. Scott.

*Assignee's sale—Proceedings for summary possession—Act of 1876.*

An order for a resale of property sold by an assignee for creditors having been made, it is no defense to a summary action by the assignee's vendee to recover possession under the Act of February 17, 1876, P. L. 4, for the terre-tenant to set up an alleged equitable title based upon possession secured under the former sale which had been set aside, on which it was alleged that a part of the purchase money paid by terre-tenant had not been returned.

Argued March 16, 1897. Appeal, No. 42, March T., 1897, by Joseph D. Scott, from definitive decree of C. P. Huntingdon Co., directing delivery of possession of property sold by assignee for benefit of creditors. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Proceedings under third section of the act of February 17, 1876, for recovery of possession of land sold by the assignee for benefit of creditors. Before LONGENECKER, P. J., of the 16th judicial district specially presiding.