## M. H. Stevenson *v.* Whitesell & Sons, Appellant.

*Actions—Trespass in inducing satisfaction of judgment to be wrongfully stricken off—Measure of damages.*

Defendant wrongfully having caused the satisfaction of a judgment to be stricken from the record is responsible in damages for the costs and expenses incurred by plaintiff in proceedings before the Supreme Court which resulted in a reversal of the act of the court below and in a writ of restitution.

In applying the proper measure of damages the plaintiff was confined to actual cash outlay, and testimony was properly admitted as to expenditures in the employment of counsel and printing of paper-books.

Argued April 10, 1899.   Appeal, No. 13, April T., 1899, by defendants, from judgment of C. P. No. 2, Allegheny Co., Jan. T., 1897, No. 20, on verdict for plaintiff.   Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ.   Affirmed.   Opinion by BEAVER, J.

Trespass.   Before FRAZER, J.

It appears from the record of the former proceeding in this case in common pleas, No. 3, Allegheny county, February term, 1893, No. 14, that Frederick Maul had loaned Peck, Phillips & Wallace Company, $700, and had taken a judgment note for the same which was duly entered up by Whitesell & Sons, attorneys at law.   The judgment was taken in the name of the Whitesells and by them subsequently assigned to Maul.   M. H. Stevenson bought the property and Whitesell agreed to accept certain securities in satisfaction of the judgment and thereupon entered satisfaction as "attorney for plaintiff and use plaintiff." Suit was brought on these securities in Maul's name and with his knowledge.   Maul subsequently asked for a rule to strike off the satisfaction of the judgment on the ground that he had not authorized the same.   This rule was made absolute by the court below and reversed by the Supreme Court in an opinion given by WILLIAMS, J., reported in Whitesell v. Peck, 165 Pa. 571.

During the pendency of the appeal defendant issued an execution upon the judgment and made a levy upon the real estate of which M. H. Stevenson was terre-tenant and he was com-

pelled to pay the sum of $757.26 in order to avoid a sheriff's sale of his land. Stevenson applied to the court below for restitution, but that court in an opinion by PORTER, J., held that the case was entirely within the control of the Supreme Court and that the common pleas had no power to ingraft an order of restitution upon the decree of the Supreme Court; whereupon Stevenson filed his petition in the Supreme Court for a writ of restitution which writ was awarded on May 25, 1896, in a per curiam opinion reported in Whitesell v. Peck, 176 Pa. 170.

*M. H. Stevenson*, the plaintiff, brought this action to recover from Whitesell & Sons the expenses he had been put to in having the satisfaction of the judgment restored on the Maul application and in the restitution proceedings for paper-books, attorney's fee, etc.

At the trial of the case the court under exception by defendant's counsel permitted the plaintiff to offer testimony [tending to prove damages in the nature of printing paper-books and counsel fees in the Maul case by Stevenson in the Supreme Court and also lost time and services of M. H. Stevenson, the plaintiff, a litigant.] [7]

[Evidence was also admitted under objection by defendant, in support of the following offer by counsel for the plaintiff under testimony of Stevenson, witness for the plaintiff.

" Counsel for plaintiff now proposes to prove that in this proceeding to have the satisfaction of the judgment stricken from the record that was instituted, he, the plaintiff, was compelled to employ counsel—pay counsel; that he himself spent a large amount of time in hearings before a master, or examiner, appointed by the court at the instance of the plaintiffs in the judgment; that he was compelled and had to spend a large amount of money for printing—preparation of the paper-book—and was compelled to employ and pay counsel to attend and argue the case in the Supreme Court on two different occasions; to be followed by evidence as to the value of the labor, time and attention required; and all this for the purpose of próving that the plaintiff was injured, and showing what amount he would be entitled to recover in this action."] [8]

Defendant submitted the following points, which were refused by the court below:

[1. The damages to which plaintiff would be entitled to recover in this suit are such only as result from the alleged false statements, and such, for instance, as money paid by Stevenson to Whitesell, based on such false statement in payment of said judgment, and losses to Stevenson by reason of such payment does not include expenses incurred in defending proceedings instituted by Maul.] [1]

[2. The proceedings by Frederick Maul to have the satisfaction entered by defendant Whitesell on his, Maul's, judgment stricken off, in which proceedings the paper-book, attorney's fees, and other expenses were incurred by plaintiff Stevenson, having no connection with the alleged false statement made by Whitesell to Stevenson, that he, Whitesell, had authority from Maul to accept other than cash as payment, and satisfy said judgment, such expenses cannot be recovered in this suit as part of damages.] [2]

[3. Under all the evidence the verdict must be for the defendant.] [3]

Verdict and judgment for plaintiff for $162.10.    Defendant appealed.

*Errors assigned* were (1–3) in refusing to affirm defendant's first, second and third points, reciting points and answers. (4) The charge of the court, taken as a whole, did not adequately present appellant's case and misled the jury.    (5) The verdict of the jury is against the weight of the evidence.    (6) The court erred in charging the jury substantially that under the plaintiff's evidence the jury could find for the plaintiff for the printing of the paper-book, attorney's fees, and money actually paid out by plaintiff.    (7, 8) Admitting evidence in plaintiff's offers, reciting said offers.

*James Bredin* and *James Fitzsimmons*, with them *Whitesell Brothers*, for appellants.—The cost and expense claimed against Mr. Whitesell have been adjudicated in the equitable adjustment on a motion to strike off the satisfaction heretofore entered in the judgment by Maul: Head v. Meloney, 111 Pa. 99; Schuey v. Schaeffer, 130 Pa. 16.

The failure to have penalty imposed in this proceeding prevents Stevenson from maintaining this action: Woodward v. Brace Bros., 139 Pa. 316.

This case, therefore, was not adequately presented to the jury, and was misleading and confusing in character. This was error: Reed v. Klaus, 152 Pa. 341.

*W. O. McNary*, with him *Wm. Reardon*, for appellee.

OPINION BY BEAVER, J., May 18, 1899:

Whitesell, use of Maul v. Peck, 165 Pa. 571, and s. c. 176 Pa. 170, give us in result the basis of the present action. In the former Mr. Justice WILLIAMS, delivering the opinion of the court, says: "This judgment was marked satisfied on the record on the 26th day of November, 1892, by Whitesell & & Sons, who were the legal plaintiffs therein, and the attorneys of their assignee, Maul. More than eighteen months afterward this entry of satisfaction was struck off by the court below, at the instance of Maul, who testified on the hearing that he made the application at the suggestion of Whitesell." It is not surprising, therefore, that the plaintiff in his statement alleged, as one of the grounds upon which he based his right to recover, that "the said Maul at the suggestion and on the advice of said defendant presented to said court his petition, setting forth, inter alia, that he had never authorized or ratified the satisfaction of said judgment so made by his attorney." The jury found as a fact that the defendant had practiced a deceit upon the plaintiff by his representations as to his authority from the use plaintiff in the judgment, which had been satisfied, to satisfy the same. By this finding the appellant admits himself bound but claims that he is not responsible for and not bound by the act of Maul and that, therefore, he is not liable in damages for any expense to which the plaintiff was put by reason of Maul's application to have the satisfaction which was entered in the judgment against Peck stricken off and the subsequent proceedings had therein. There would be much force in this contention, if Maul had acted entirely independent of or in opposition to the wishes of the appellant. The contrary is quite apparent. Although Maul does not testify in this case distinctly that the appellant suggested the application for striking off the satisfaction of the judgment against Peck et al., the circumstances were, nevertheless, such as to suggest their co-operation in the effort, and this was an element in the case

which. it was proper for the jury to consider. The defendant's points were, therefore, properly refused.

As to the measure of damages, the rule was. strictly, if not narrowly, applied—the plaintiff was confined to actual cash outlays. Of this the appellant cannot with good reason complain.

The suggestion " that, if there is any liability whatsoever, the liability should have been fixed as costs in these proceedings, and the plaintiff, Stevenson, having failed to have the costs so fixed by the Supreme Court, he it estopped now from recovering the same in an independent action as in this case," will not bear examination. The proceeding to satisfy was commenced by Maul. Whitesell was not a party to it on the record in such a way as to be properly reached by the court's decree. Maul was not to be held responsible for Whitesell's alleged misrepresentation.

It follows, from what has been said, that the testimony as to the plaintiff's expenditures in the employment of counsel and printing of paper-books was properly admitted.

The case was fairly and adequately presented to the jury in a clear and dispassionate charge.

Upon a careful review of the whole case, we find no reversible error and the judgment is, therefore, affirmed.