## Wolongevicz *v.* Stegmaier Brewing Company.

*Restitution—Appeals—Wrongful disposition of money paid into court.*

Where the Court of Common Pleas directs money which is the proceeds of sale of real estate, but not produced by execution process to be paid into court, and subsequently orders it to be paid to a person not entitled to receive it, the Superior Court in reversing the order will direct restitution to be made by the person wrongfully receiving the money to the person lawfully entitled to it.

OPINION BY ORLADY, J., November 29, 1915:

An opinion was filed in this case on April 19, 1915, 60 Pa. Superior Court 352, in which we concluded that, "The money should have been paid to the admitted owner of the real estate. The interpleader issue should not have been awarded. The judgment is reversed, and the costs of the proceeding and of this appeal are to be paid by the Stegmaier Brewing Company, and the Susquehanna Brewing Company in the proportion of the verdicts recovered by them." In so disposing of the case, it was our purpose to determine the rights of the parties in the feigned issue, to the fund in court, as of the date when the court awarded the feigned issue. They were the only persons interested as claimants against that fund. Our judgment referred to the facts as they existed at that time, and no other construction can be given to the opinion. On the return of the record to the court below, acting on this interpretation, an order was made directing the prothonotary to make payment of the money to the persons entitled thereto—to wit, Marcella Wolongevicz. This order was opposed by the defendants for the reason that no order of restitution was expressly included in our judgment, and authority for this contention is found in Hughes's Appeal, 90 Pa. 60.

The plaintiff then presented her petition to this court for a rule to show cause why its judgment should not be amended and enlarged by adding thereto an order of restitution. After a hearing of this rule on petition, answer and briefs of counsel, the judgment entered on April 19, 1915, is amended as follows: It is ordered and decreed that the Stegmaier Brewing Company and the Susquehanna Brewing Company make restitution to Marcella Wolongevicz, the sum of money which was deducted from the purchase-money of her real estate, which was impounded by order of the court below, together with interest thereon from the date it was paid to them by the prothonotary, in the proportion fixed by the verdicts recovered by them in the feigned issue. All costs to be paid

by the respondents as stated in the original judgment of this court.

Restitution was a remedy well known at the common law. Its object was to restore to the appellant the specific thing, or its equivalent, of which he had been deprived by the enforcement of the erroneous judgment against him during the pendency of his appeal. It was not originally created by statute, but was exercised by the appellate tribunal as incidental to its power to correct errors, and hence the court not only reversed the judgment, but restored to the aggrieved party that which he had lost in consequence thereof. Hæbler v. Myers, 132 N. Y. 363, s. c., 13 L. R. A. 588.

The practice in this court is regulated by the statute of June 24, 1895, P. L. 212, and its supplement of May 19, 1897, P. L. 67, which provides that it "may affirm, reverse, amend or modify any order, judgment or decree, as it may think to be just, or it may return the record for further proceedings in the court below" and, "if the money is collected upon execution issued within three weeks of the entry of the judgment, order or decree, or upon execution issued upon a judgment or decree which is afterwards reversed the Superior Court may make an order of restitution." The fact that the money in this controversy was paid into court in obedience to its own order, and not produced through an execution in the hands of the sheriff, does not lessen in any degree, our control over its disposition. It was paid into court under an order which it had power to enforce by attachment for contempt, and was not voluntary, so that the method employed by the court to create and impound the fund does not affect our authority to review its judgment. We held that payment to any other person than Marcella Wolongevicz was erroneous, and the subsequent objections to payment to her are now settled by this order of restitution to her of the money then wrongfully withheld.

In Ranck v. Becker, 13 S. & R. 41, it was held that, "Restitution is always granted on the reversal of a judg-

ment, unless there is something peculiar in the case. The reasons offered against restitution in this case are not satisfactory; they seem calculated only to show that the judgments which have been reversed were just, and that on a second trial, Becker will again obtain judgment against the present plaintiffs in error. But to suspend restitution on this ground, would involve the court in endless difficulties; it may as well be alleged, in every other case in which a judgment is reversed, with a venire de novo, that in all probability, there will be the same verdict, and then we shall be called upon to investigate the merits of the case. To avoid all embarrassments of this kind, the general rule must be that on the reversal of a judgment, the plaintiff in error is entitled to restitution."

This rule has been followed in Coughanour v. Bloodgood, 27 Pa. 285; Whitesell & Sons v. Peck, 176 Pa. 170, and in our own cases of McAleer's Petition, 4 Pa. Superior Ct. 563; Stephenson v. Whitesell, 10 Pa. Superior Ct. 306.

The rule to show cause why an order of restitution should not be made, is now made absolute upon the terms above indicated.