# United States Court of Appeals
## For the First Circuit

No. 99-2137

JUAN A. LOPEZ-CARRASQUILLO,

Plaintiff, Appellant,

v.

WANDA RUBIANES, ARCILIO ALVARADO, MARLENE CINTRON and DIANA
ROCA

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Jose Antonio Fusté, U.S. District Judge]

Before

Selya, Circuit Judge,
Campbell, Senior Circuit Judge,
and Lipez, Circuit Judge.

Ernesto G. López-Soltero on brief for appellant.
Gustavo A. Gelpi, Solicitor General of the Commonwealth of
Puerto Rico, Rosa N. Russe-Garcia, Deputy Solicitor General and
Leticia Casalduc-Rabell, Assistant Solicitor General on brief
for appellees.

October 23, 2000

**LÍPEZ, Circuit Judge**.  In a case with a procedural twist, the district court terminated the plaintiff's claims by entering summary judgment in favor of three defendants sua sponte without providing the plaintiff notice and an opportunity to be heard.  This was impermissible in the circumstances of this case, and we vacate the judgment dismissing those claims.  However, we affirm the district court's decision to grant summary judgment in favor of a fourth defendant.

## I. BACKGROUND

Beginning in 1986, Juan A. López-Carrasquillo worked as a migration specialist at the immigration office of the Puerto Rico Department of Labor in New York.  On April 15, 1993, this office was merged into the Puerto Rico Federal Affairs Administration ("FAA").  Arcilio Alvarado was Secretary of the Puerto Rico Community Affairs Department of the FAA from January 2, 1993 to June 30 of that year, and in that capacity he supervised López.  That supervisory authority ended on July 1, 1993 when Alvarado became the Associate Director of Regional Offices at the Puerto Rico Federal Affairs Administration.  Alvarado's position with the FAA ended on June 6, 1994.

López is a member of the Popular Democratic Party ("PDP"), and he alleges that his political affiliation was well known throughout his department at the FAA.  His father, Juan

López-Hernandez, was also a prominent member of the PDP, as well as a delegate to the Puerto Rico House of Representatives for 16 years. On November 4, 1992, the president of the New Progressive Party ("NPP"), Pedro Rossello Gonzalez, was elected governor of Puerto Rico. López claims that this shift in political power "established [him] as a primary target of the newly named directors and secretary." López was formally dismissed from his position at the FAA on June 19, 1996.

On December 10, 1996, he filed a claim pursuant to 42 U.S.C. § 1983 against the FAA and seven government officials, including Alvarado, Pedro Rossello Gonzalez, Governor of Puerto Rico, Wanda Rubianes, Director of the FAA, John Sota, Deputy Director of the FAA, Marlene Cintrón, Director of the New York City office of the FAA, Diana Roca, Director of the Philadelphia office of the FAA, and Cesar Almodovar Marchany, Secretary of Labor. On September 2, 1998, the district court accepted an amended complaint by López that added additional facts about three of the defendants. In both pleadings, but more specifically in the amended complaint, he alleges that the defendants discriminated against him because of his political affiliation. López states that his name was eliminated from department directories, important documents were removed from his office, and trash was kept on his desk. He also claims that

he was denied keys to an office "of a program that supposedly was under his responsibility," and that he was left out of important decisions regarding employees under his supervision. López contends that these incidents constituted attacks on his self-esteem and caused physical symptoms, including elevated blood pressure and chest pains. He further alleges that this discrimination culminated in the termination of his job.

## II. DISMISSAL OF CLAIMS AGAINST ROCA, RUBIANES, AND CINTRÓN

To explain the error in the court's dismissal of López's claims against Diana Roca, Wanda Rubianes, and Marlene Cintrón, we must recount the procedural posture of this case at the time of the court's ruling. On June 2, 1997, the district court dismissed the claims against the FAA on Eleventh Amendment grounds, finding that the FAA was "an arm of the government" of Puerto Rico. In the same order, the court also dismissed Lopez's claims against all of the individual defendants except Alvarado because liability under § 1983 cannot rest on a theory of respondeat superior.[1] López then sought to amend his complaint pursuant to Fed. R. Civ. P. 15(a), alleging additional

---

[1] Although the court dismissed the case against all but one of the defendants, only three of the seven defendants--the FAA, the Governor of Puerto Rico, and Cesar Almodovar-Marchany--filed the motion to dismiss.

-5-

acts by Alvarado and three of the previously dismissed government officials--Rubianes, Cintrón, and Roca. The court initially denied the motion to amend the complaint, and López moved for reconsideration.

While this motion was pending, Alvarado, the sole remaining defendant, moved for summary judgment on the basis of the original complaint. Before acting on the summary judgment motion, the district court allowed the amended complaint against Alvarado, Rubianes, Cintrón and Roca. The court then granted summary judgement in favor of Alvarado, first on the basis of the original complaint, and then, upon reconsideration, on the basis of the amended complaint as well. The court also entered judgment against López, asserting that there were no longer any defendants remaining in the case. That statement was incorrect because of the court's decision to allow López to file his amended complaint.

The amended complaint identified Rubianes, Cintrón and Roca (as well as Alvarado) as defendants and it added to the allegations of the original complaint. The district court's allowance of this amended complaint reinstated López's claims against the three previously dismissed defendants. With these defendants back in the case, the district court could not enter a judgment against López on the basis of granting summary

judgment to Alvarado without disposing of the claims it had allowed in the amended pleading against Rubianes, Cintrón, and Roca. See 6 Wright, Miller & Kane, Federal Practice and Procedure § 1476, 556-57 (1990) (noting that once an amended pleading is filed it "supercedes the pleading it modifies" and that "any subsequent motion . . . should be directed at the amended pleading").

Moreover, before disposing of claims against the reinstated defendants, the court had to provide López with notice and an opportunity to be heard. See Futura Development of Puerto Rico, Inc. v. Estado Libre Asociado de Puerto Rico, 144 F.3d 7, 14 (1st Cir. 1998) (sua sponte dismissal requires notice and opportunity to be heard); see also Rogan v. Menino, 175 F.3d 75, 79 (1st Cir. 1999) (sua sponte summary judgment requires notice and opportunity to be heard). The notice requirement could not be ignored simply because the district court had previously dismissed the claims against Rubianes, Cintrón, and Roca in the original complaint. See Reese v. Sparks, 760 F.2d 64, 66 (3d Cir. 1985) (error for district court to grant sua sponte summary judgment on the amended complaint without notice, notwithstanding that the court had previously granted summary judgment on the basis of the original

complaint);[2] accord Reflectone, Inc. v. Farrand Optical Co., Inc., 862 F.2d 841, 845 (11th Cir. 1989); United States Dev. Corp. v. People's Fed. Sav. & Loan Ass'n, 873 F.2d 731, 735 (4th Cir. 1989).

López had no such notice here. Rubianes, Cintrón and Roca never filed a motion to dismiss or a motion for summary judgment once the amended complaint was permitted. The district court provided no notice to López that it was considering sua sponte dismissal or summary judgment. Instead, the district court granted summary judgment to Alvarado on the basis of his pending motion and then simply asserted that the rest of the case had also been terminated, ignoring the fact that Rubianes,

---

[2] Reese v. Sparks, 760 F.2d 64 (3d Cir. 1985), a case relied upon by López, is arguably distinguishable on two grounds, but neither difference is significant for our purposes. First, the trial court in Reese expressly vacated a previous grant of summary judgment at the same time that it allowed the amended complaint. See id. at 65. Here, the district court did not expressly vacate its decision to dismiss the claims against Rubianes, Cintrón and Roca. We see no significance in that distinction. Whatever the status of that earlier dismissal, the court's decision to allow an amended complaint that specifically named Rubianes, Cintrón and Roca as defendants had the unmistakable effect of reinstating a set of claims against previously dismissed defendants. Second, the court noted in Reese that the amended complaint differed materially from the first complaint because it averred additional facts and articulated a new legal theory. See Reese, 760 F.2d at 66. López's amended complaint adds allegations but it is not materially different from his original complaint. We see no significance in that distinction. López was entitled to notice because the court had reinstated a set of claims against the three defendants.

-8-

Cintrón and Roca were reinstated as defendants because of the amended complaint it had allowed. Under these circumstances, entering judgment in favor of these defendants was an error.

### III. SUMMARY JUDGMENT IN FAVOR OF ALVARADO

The district court entered summary judgment in favor of Alvarado on the basis of the statute of limitations. In ruling upon a motion for reconsideration, the court stated that the additional facts pleaded by López in his amended complaint did not change this disposition. We review the district court's ruling de novo. See Muniz-Cabrero v. Ruiz, 23 F.3d 607, 609 (1st Cir. 1994).

Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Sheinkopf v. Stone, 927 F.2d 1259, 1261 (1st Cir. 1991). As the party opposing the motion, López must set forth facts to demonstrate that a genuine issue exists for trial. See Fed. R. Civ. P. 56(e); Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990). He has the burden of producing "specific facts, in suitable evidentiary form" to counter the evidence Alvarado has presented. Morris v. Government Dev. Bank of Puerto Rico, 27 F.3d 746, 748 (1st Cir. 1994). López cannot rely upon "conclusory allegations,

improbable inferences, and unsupported speculation" regarding Alvarado's allegedly discriminatory acts.  Id.  If the facts, taken in the light most favorable to López, do not create a genuine issue of material fact regarding his ability to make out a claim of political discrimination, summary judgment was proper, and we must affirm.  See Mack v. Great Atlantic & Pacific Tea Co., 871 F.2d 179, 181 (1st Cir. 1989).

On appeal, López argues that the district court erred in finding his claim time-barred under the statute of limitations.  He contends further that the district court should have found the existence of a continuing violation in the discriminatory conduct he attributes to Alvarado.  We agree that the district court properly entered summary judgment for Alvarado, but we affirm for reasons different than those relied upon by the district court.  See Medina-Munoz, 896 F.2d at 7 (stating that a court of appeals may affirm on "any independently sufficient ground" when reviewing a district court's grant of summary judgment).

The statute of limitations inquiry assumes that Alvarado committed an act or engaged in a course of conduct that could be the basis for a claim of political discrimination.  If Alvarado committed no such predicate act or acts, there is no need to consider whether López's complaint was timely filed or,

-10-

in the alternative, whether the conduct constituted a continuing violation such that López could still recover for some incidents otherwise barred by the statute of limitations.  Having reviewed the summary judgment record in vain for evidence that Alvarado committed a discriminatory act, we conclude that López has not met his burden of demonstrating the existence of a genuine issue of material fact on this essential point.

In support of his motion for summary judgment, Alvarado presented evidence, properly substantiated, to refute López's allegations of his discriminatory conduct.  In his affidavit, Alvarado states, "I did not conspire or meet with anyone in order to set up a plan which will lead to plaintiff's eventual dismissal."  He also states that he did not participate in the decision to dismiss López from his position at the FAA in 1996. Because Alvarado properly supported his motion for summary judgment, López had to demonstrate the existence of a trialworthy issue regarding discriminatory conduct by Alvarado. See Woods-Leber v. Hyatt Hotels of Puerto Rico, Inc., 124 F.3d 47, 50 (1st Cir. 1997) (stating, with respect to summary judgment, "the nonmovant must identify properly substantiated facts sufficient to establish a trialworthy issue").  In attempting to meet this burden, López may not rest on the "mere allegations or denials of his pleading."  Borschow Hospital &

Med. Supplies, Inc. v. Cesar Castillo Inc., 96 F.3d 10, 14 (1st Cir. 1996) (quoting Barbour v. Dynamics Research Corp., 63 F.3d 32, 36 (1st Cir. 1995)).  Rather, he must "point to evidence in the record that would 'permit a rational factfinder to conclude that the challenged personnel action occurred and stemmed from a politically based discriminatory animus.'"  Padilla-Garcia v. Guillermo Rodriguez, 212 F.3d 69, 74 (1st Cir. 2000) (quoting Rivera-Cotto v. Rivera, 38 F.3d 611, 614 (1st Cir. 1994)).

In response to Alvarado's motion for summary judgment, López offered only a personal affidavit and two pages from the transcript of Alvarado's deposition.  Because the deposition excerpt is in Spanish, and López did not provide an English translation, we decline to consider it as part of the record on summary judgment.  See 1st Cir. R. 30(d); see also Gonzalez-Morales v. Hernandez-Arencibia, 221 F.3d 45, 50 n.4 (1st Cir. 2000) (finding appellants had waived arguments premised on documents for which they had not provided translations).[3]

In his affidavit, López references the "Opposition to Motion for Summary Judgment" filed with the district court and avers that "it is correct in all its parts to the best of my knowledge."  This statement is insufficient as a proffer of

---

[3] We note that some of the documents submitted by Alvarado to support his motion for summary judgment are also in Spanish, and we decline to consider these as well.

-12-

evidence because affidavits submitted in opposition to a motion for summary judgment must be based on the affiant's personal knowledge.  See Fed. R. Civ. P. 56(e); see also Carmona v. Toledo, 215 F.3d 124, 131 (1st Cir. 2000) (noting that such affidavits must be made on personal knowledge and set forth facts that would be admissible in evidence).  Moreover, the pleading to which he refers contains only legal arguments, with the exception of one quasi-factual allegation that states, "Defendant Arcilio Alvarado actively discriminated against plaintiff [sic] he was responsible for taking away his responsibilities for transferring him and was the one who clearly identified plaintiff as a member of the Popular Democratic Party."  This assertion merely repeats the conclusory allegations in the complaint and does not establish a genuine issue of material fact regarding whether Alvarado treated López differently because he was a member of the PDP. See Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 53 (1st Cir. 2000) ("To the extent that affidavits submitted in opposition to a motion for summary judgment merely reiterate allegations made in the complaint, without providing specific factual information made on the basis of personal knowledge, they are insufficient.").

Finally, the only other evidence of discrimination that might be gleaned from this record is a single line in López's affidavit, where he states, "Mr. Alvarado in many occasions made reference to my political affiliation." This assertion about statements of political affiliation - unaccompanied by any specific factual information to support this claim, and unrelated to any employment action taken by Alvarado against López - is patently insufficient to establish an act of political discrimination. See, e.g., Figueroa-Serrana v. Ramos-Alverio, 221 F.3d 1, 8 (1st Cir. 2000) (affirming summary judgment for defendants where the only evidence offered by plaintiffs was a sworn statement that a defendant "voiced his intention" to rid the workplace of employees with plaintiffs' political affiliation); Dartmouth Review v. Dartmouth College, 889 F.2d 13, 16 (1st Cir. 1989) (stating, "we have consistently required plaintiffs to outline facts sufficient to convey *specific instances of unlawful discrimination*") (emphasis added).

In short, López has failed to offer any properly substantiated evidence indicating that an act by Alvarado is cognizable as a claim of political discrimination. Accordingly, we need not reach the issue of whether a lawsuit filed to recover for such an act would be barred by the statute of

limitations. Because López has not met his burden of opposing the motion for summary judgment, the court properly entered judgment for Alvarado.

**Affirmed in part, vacated in part, and remanded for proceedings consistent with this opinion.**