**Efrain QUIÑONES COLON, et al., Plaintiff(s)**

v.

**Sila Maria CALDERON, et al., Defendant(s).**

**Civil No. 02–1833 (JAG).**

United States District Court, D. Puerto Rico.

May 25, 2005.

Marie E. Lopez–Adames, Gonzalez Lopez & Lopez Adames Law Office, San Juan, PR, for Plaintiffs.

Alicia M. Arana–Rivera, Charlotten & Arana PSC, Elfrick Mendez–Morales, Mendez & Mendez, San Juan, PR, Eileen Landron–Guardiola, Landron & Vera LLP, Guaynabo, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court is defendants' Motion for Reconsideration (Docket No. 110). For the reasons discussed below, the Court **GRANTS** defendants' motion for reconsideration and, accordingly, **GRANTS** their motion for summary judgment (Docket No. 85).

## PROCEDURAL BACKGROUND

On May 31, 2002, plaintiffs Efrain Quiñones Colon ("Quiñones"), Elmer Pagan Rosa ("Pagan"), and Francisco Morales Ramos ("Morales")(collectively "plaintiffs") filed this action pursuant to 42 U.S.C. § 1983 alleging violations to their First and Fourteenth Amendment rights as well as supplemental state law claims (Docket No. 1). On December 1, 2003, defendants Miguel Pereira ("Pereira"), O'Neill Gonzalez Berrios ("Berrios"), Juan Espada

("Espada"), Israel Velazquez Rivera ("Velazquez"), Angel Sanchez Bermudez ("Sanchez") and Roberto Machado ("Machado") moved for summary judgment against plaintiffs claims (Docket No. 85). On March 8, 2004, the Court referred the motion to Magistrate–Judge Aida Delgado for a Report and Recommendation (Docket No. 94). On August 8, 2004, the Magistrate–Judge recommended that the Court deny the motion for summary judgment for failure to comply with Local Rule 56(b) (Docket No. 105).[1] On August 25, 2004 the Court adopted the Magistrate–Judge's Report and Recommendation (Docket No. 109). On September 2, 2004, defendants moved for reconsideration of that order (Docket No. 110). In requesting reconsideration, defendants have shown that they did file the statement of uncontested facts but that by clerical error it was not in the case file when the Magistrate–Judge issued her Report and Recommendation nor when the Court adopted it. Accordingly, the Court hereby vacates its order of August 25, 2004 (Docket No. 109) and will address the merits of defendants' motion for summary judgment.

## FACTUAL BACKGROUND[2]

Plaintiffs are former Puerto Rico Police Officers who, after retiring from the Police Department, served under a one-year renewable contract in the Police Reserve in the Guayama area. The Reserve Program was instituted during the past New Progressive Party ("NPP") Government Administration. The purpose behind the program was to have experienced, retired police personnel perform clerical and support functions so that more manpower could be employed for patrolling in high crime areas. Plaintiffs' contracts had been renewed every year since 1994.

After the year 2000 general elections, the Popular Democratic Party ("PPD") won the vote, and a new administration came to power. The Puerto Rico Police Superintendent, faced with a Department budgetary shortfall, decided to cut the number of participants in the Police Reserve Program. Pagan's and Morales' contracts were not renewed. Quiñones' contract was renewed from July 1, 2001 to June 30, 2002. Plaintiffs allege that their contracts were not renewed because of their political affiliation to the NPP.

## DISCUSSION

### A. *Summary Judgment Standard*

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). To succeed on a motion for summary judgment, the moving party must show that there is an absence of evidence to support the nonmoving party's position. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Once the moving party has properly supported its motion, the burden shifts to

---

1. Local Rule 56(b) requires that a party moving for summary judgment must submit a "separate, short, and concise statement of material facts ... as to which the moving party contends there is no genuine issue of material fact to be tried. Each fact asserted in the statement shall be supported by a record citation...." Here, the Court's primary reasoning in denying defendant's motion for summary judgment was a failure to locate defendants' Statement of Uncontested Facts.

2. The relevant facts are taken from defendants' Motion for Summary Judgment (Docket No. 85).

the nonmoving party to set forth specific facts showing there is a genuine issue for trial and that a trier of fact could reasonably find in its favor. *See Santiago–Ramos v. Centennial P.R. Wireless Corp.,* 217 F.3d 46, 52 (1st Cir.2000). The party opposing summary judgment must produce "specific facts, in suitable evidentiary form," to counter the evidence presented by the movant. *Lopez–Carrasquillo v. Rubianes,* 230 F.3d 409, 413 (1st Cir.2000)(*quoting Morris v. Gov't Dev. Bank of P.R.,* 27 F.3d 746, 748 (1st Cir. 1994)). A party cannot discharge said burden by relying upon "conclusory allegations, improbable inferences, and unsupportable speculation." *Id.; see also Carroll v. Xerox Corp.,* 294 F.3d 231, 236–37 (1st Cir.2002) (*quoting J. Geils Band Employee Benefit Plan v. Smith Barney Shearson, Inc.,* 76 F.3d 1245, 1251 (1st Cir.1996))(" '[N]either conclusory allegations [nor] improbable inferences' are sufficient to defeat summary judgment.").

The court must view the facts in the light most hospitable to the nonmoving party, drawing all reasonable inferences in that party's favor. *See Patterson v. Patterson,* 306 F.3d 1156, 1157 (1st Cir.2002). A fact is considered material if it has the potential to affect the outcome of the case under applicable law. *Nereida–Gonzalez v. Tirado–Delgado,* 990 F.2d 701, 703 (1st Cir.1993).

### B. *Defendants' Motion for Summary Judgment*

#### 1. *§ 1983 Claims*

Defendants' argue in their Motion for Summary Judgment that plaintiffs have failed to establish a valid claim under § 1983. In the alternative, defendants allege that they are entitled to qualified immunity. Because the Court finds that plaintiffs have failed to state a § 1983 claim, it need not address the qualified immunity issue.

■ It is well established that political patronage restrains core activities protected by the First Amendment, such as the freedom of belief and association. *Padilla–Garcia v. Rodriguez,* 212 F.3d 69, 74 (1st Cir.2000); *Berrios–Cintron v. Cordero,* 976 F.Supp. 110, 113 (D.P.R.1997). "The Supreme Court has held that the first amendment protects non policy makers from being drummed out of public service on the basis of their political affiliation or advocacy of ideas." *Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 56 (1st Cir.1990)(*citing Branti v. Finkel,* 445 U.S. 507, 517, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980)); *Padilla–Garcia,* 212 F.3d at 74; *see also Rutan v. Republican Party of Illinois,* 497 U.S. 62, 75–76, 110 S.Ct. 2729, 111 L.Ed.2d 52 (1990). A two part burden shifting framework is used to evaluate claims of political discrimination. *See Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 287, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977); *see also Padilla–Garcia,* 212 F.3d at 74.

■ To establish a *prima facie* case of political discrimination, a plaintiff must produce sufficient direct or circumstantial evidence to raise the inference that his political affiliation was a substantial or motivating factor behind the challenged adverse employment action. *Padilla–Garcia,* 212 F.3d at 74; *Acevedo–Diaz v. Aponte,* 1 F.3d 62, 66 (1st Cir.1993); *Rivera–Cotto v. Rivera,* 38 F.3d 611, 614 (1st Cir.1994). The burden then shifts to the defendant, who must establish by a preponderance of the evidence, that he would have taken the same action regardless of the plaintiff's political beliefs. *Padilla–Garcia,* 212 F.3d at 74. In addition to articulating a nondiscriminatory ground for the adverse employment action, the defendant bears the burden of proving

88

that he would have taken the adverse employment action regardless of plaintiff's political affiliation. *Acevedo–Diaz,* 1 F.3d at 66. "Either this 'but for' causation test, or the defendant employer's *Mt. Healthy* defense ensures that a plaintiff-employee who would have been dismissed in any event on legitimate grounds is not placed in a better position merely by virtue of the exercise of a constitutional right irrelevant to the adverse employment action." *Id.; LaRou v. Ridlon,* 98 F.3d 659, 661 (1st Cir.1996). Summary judgment is only warranted if "defendants evidentiary proffer compelled the finding that political discrimination did not constitute a 'but for' cause for the demotion." *Acosta–Orozco v. Rodriguez–De–Rivera,* 132 F.3d 97, 103 (1st Cir.1997)(*citing Jirau–Bernal v. Agrait,* 37 F.3d 1, 4 (1st Cir.1994)). The defendant must show that the allegedly bona fide reasons for the adverse employment actions were sufficient by themselves to justify the decision. *Acosta–Orozco,* 132 F.3d at 103.

■ "The evidence by which the plaintiff established her *prima facie* case may suffice for a fact finder to infer that the defendant's reason is pretextual and to effectively check summary judgment." *Padilla–Garcia,* 212 F.3d at 74. Evidence of a highly charged political environment coupled with the parties' competing political persuasions may be sufficient to show discriminatory animus, especially in an instance where a plaintiff was a conspicuous target for political discrimination. *Rodriguez–Rios v. Cordero,* 138 F.3d 22, 24 (1st Cir.1998); *Acevedo–Diaz,* 1 F.3d at 69. However, "merely juxtaposing a protected characteristic—someone else's politics—with the fact that plaintiff was treated unfairly is not enough to state a constitutional claim." *Correa–Martinez,* 903 F.2d at 58; *see also ·Rivera–Cotto,* 38 F.3d at 614 ("Without more,

a non moving plaintiff-employee's unsupported and speculative assertions regarding political discrimination will not be enough to survive summary judgment"). What is required is a fact specific showing that a causal connection exists that links the adverse employment action to the plaintiff's politics. *Correa–Martinez,* 903 F.2d at 58. The plaintiff must raise a plausible inference that he was subjected to discrimination on the basis of his political views or affiliation. *Id.* "A plaintiff still will prevail if it is found that she would not have been fired but for her political affiliation." *Aviles–Martinez v. Monroig,* 963 F.2d 2, 5 (1st Cir.1992). The burden of persuasion is on the defendant to establish a *Mt. Healthy* Defense. Mere temporal proximity between the adverse employment action and change of administration is insufficient to create a genuine issue of material fact and establish discriminatory animus. *Id.; Acevedo–Diaz,* 1 F.3d at 66.

. ■ In this case, plaintiffs have failed to establish a *prima facie* case of political discrimination. Plaintiffs argue that they engaged in a constitutionally protected conduct by associating themselves and freely expressing their support for the NPP and that their contracts were not renewed because of their political affiliation. Plaintiffs, however, advance only conclusory allegations and proffer no evidence to support their contention that a discriminatory animus was behind the decision not to renew their contracts. All that they can muster is that the NPP administration renewed their contracts for six consecutive years and that only when the PDP took over the government were their contracts not renewed. This is simply insufficient to surmount their small burden of establishing a *prima facie* case.

Even assuming *arguendo* that plaintiffs can establish a *prima facie* case, their

claims nevertheless cannot survive summary judgment. In meeting their burden of persuading the Court that they would have taken the same action regardless of the plaintiffs' political beliefs, defendants argue that due to a forty million dollar ($40,000,000) budgetary shortfall, the Puerto Rico Police Department was forced to eliminate five-hundred (500) reservist positions by not renewing their contracts. The decision of which contracts to renew was made by the Superintendent of Police with some input from the reservists' supervisors. Thus, they argue, the decision not to renew plaintiffs' contracts was made because of the department's need to cut down costs and not because of their political affiliation and beliefs.

Once again, plaintiffs proffer no evidence to support their contention that the budgetary shortfall cited by defendants is merely a pretext for discrimination. There is simply no support on the record for their allegation that they would not have been fired but for their political affiliation. Thus, plaintiffs' § 1983 claims must be dismissed.

### 2. *Supplemental Jurisdiction*

Since no federal claims to ground jurisdiction remain in this case, plaintiffs' supplemental state law claims are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

### CONCLUSION

For the foregoing reasons, the Court **GRANTS** the defendants' motion for reconsideration (Docket No. 110) and, accordingly, **GRANTS** their motion for summary judgment (Docket No. 85). Plaintiffs' federal claims are hereby dismissed **with prejudice.** Supplemental state law claims are dismissed **without** prejudice. Judgment shall enter accordingly.

IT IS SO ORDERED.