FUENTES, Circuit Judge
The Eighth Amendment is an area of the law that is often fact-intensive and can require balancing the rights of incarcerated citizens with the administrative judgment of prison officials. This appeal, however, is straightforward. Former inmate Anthony Mammana raises a challenge under the Eighth Amendment to his confinement in a chilled room with constant lighting, no bedding, and only paper-like clothing. The District Court dismissed Mammana's Amended Complaint, reasoning that Mammana had alleged only "uncomfortable" conditions. Because Mammana has adequately alleged a sufficiently serious deprivation under the Eighth Amendment, we will vacate and remand for further proceedings.
I. Background
Because the District Court dismissed Mammana's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), we accept all well-pleaded allegations as true. Those allegations may be summarized as follows:
A. The Yellow Room
Plaintiff-appellant Anthony Mammana was an inmate confined at Allenwood Low Federal Correctional Institution, serving a seven-year sentence. During the fifth year of his sentence, Mammana began to feel "extreme illness after each meal" and visited the medical ward at Allenwood.[1] A physician assistant checked Mammana's blood sugar level, and told Mammana "to return the following day after eating."[2] Over the next several days, Mammana continued to feel ill after eating and, each time, returned to the medical ward. After his "fifth or sixth visit," the physician assistant referred Mammana to Allenwood's psychologist on the belief that Mammana's illness could be psychological in nature.[3]
The psychologist, however, could not determine the cause of Mammana's discomfort and called the medical ward to advise them that Mammana would be returning there. However, Medical Assistant Taylor said she would refuse to re-admit Mammana to the medical ward if he returned, despite having never examined Mammana. Nonetheless, Mammana was escorted back to the medical ward, and after taking his blood pressure, Taylor "filed a false report, *371 " accusing him of "harassment, stalking, and interference with the performance of duties."[4] As a result of Taylor's report, Mammana was transferred to the "hole," or administrative segregation.[5]
However, upon learning the identity of his cellmate-who was known for "his deviate sexual behavior forced onto cellmates"-Mammana refused his assigned cell in administrative segregation.[6] Defendant-appellee Lieutenant Barben then directed Mammana to be placed into a cell known as the "Yellow Room," which was regarded by inmates as a "mental and physical abuse room."[7]
In the Yellow Room, Mammana was stripped of his clothing and given only "paper like" coverings instead.[8] The Yellow Room was lit by a "bright light" that "was turned on for 24 hours a day" and was kept "uncomfortably cold."[9] Mammana was provided no bedding or toilet paper and only an "extremely thin mattress" to sleep on.[10] Consequently, he "could hardly sleep and would wake up frequently shivering when he did fall asleep."[11] During that time, Mammana continued to feel ill, yet his requests for medical treatment were refused.
Mammana remained in the Yellow Room for four days. After he was released from the Yellow Room, a disciplinary hearing was held regarding Taylor's report; the hearing board eventually concluded "there was no basis" for her report and the "charges" against Mammana were "expunged."[12] Mammana remained in administrative segregation for four months after leaving the Yellow Room.
B. Proceedings in the District Court
Mammana filed suit in the District Court. In his Amended Complaint, he set forth counts for malicious prosecution against the Federal Bureau of Prisons and Taylor, violation of due process against the Bureau, Taylor, and Barben, and cruel and unusual punishment in violation of his Eighth Amendment rights against the Bureau and Barben. Defendants moved to dismiss or for summary judgment, and Mammana withdrew all claims against the Bureau and Taylor. Parsing the Eighth Amendment claim, a magistrate judge recommended dismissal of Mammana's claims for constant lighting, lack of exercise, and deprivation of food; he recommended that Mammana's claim regarding the deprivation of warmth survive both dismissal and summary judgment.
Mammana objected to the magistrate's report and recommendation, and the District Court granted the motion to dismiss in its entirety, reasoning that Mammana had alleged only that the conditions of his confinement were "uncomfortabl[e]."[13] Mammana timely appealed the dismissal of his Eighth Amendment claim.
II. Legal Standard[14]
Our review of the grant of a motion to dismiss under *372 Federal Rule of Civil Procedure 12(b)(6) is plenary.[15] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "[16] A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[17] In assessing the factual content of the complaint, we disregard those allegations that "are no more than conclusions," but "assume the[ ] veracity" of all "well-pleaded factual allegations."[18]
III. Discussion
On appeal, Mammana contends that the District Court erred in dismissing his claim under the Eighth Amendment on the ground that the conditions of his confinement were merely uncomfortable. Because he has alleged not just merely uncomfortable conditions, but the deprivation of a specific human need, we agree with Mammana regarding this issue and will vacate the dismissal of his claim under the Eighth Amendment.
A. Applicable Law
The Eighth Amendment provides, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."[19] The Amendment's prohibition on cruel and unusual punishment applies to both an inmate's formal sentence and to "deprivations that were not specifically part of the sentence, but were suffered during imprisonment."[20] However, because that prohibition is directed only toward "punishment,"[21] it applies only to deprivations that constitute an "unnecessary and wanton infliction of pain,"[22] including "those that are 'totally without penological justification.' "[23]
Wantonness, however, "does not have a fixed meaning but must be determined with 'due regard for differences in the kind of conduct against which an Eighth Amendment objection is lodged.' "[24] In challenges to prison conditions, such as the one here, "a prison official violates the Eighth Amendment only when two requirements are met."[25]
First, "the deprivation alleged must be, objectively, 'sufficiently serious,' "[26] resulting in "the denial of 'the minimal civilized measure of life's necessities.'
*373 "[27] Although the Eighth Amendment "does not mandate comfortable prisons,"[28] "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care."[29] In a challenge to those conditions, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm."[30] However, "[t]he proof necessary to show that there was a substantial risk of harm is less demanding than the proof needed to show that there was a probable risk of harm."[31]
Second, "a prison official must have a 'sufficiently culpable state of mind.' "[32] "In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety ...."[33] In that context, deliberate indifference requires that the
prison official must both know of and disregard an excessive risk to inmate health or safety. The ... element of deliberate indifference is subjective, not objective ... meaning that the official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware.[34]
In other words, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."[35]
It is under this law that we analyze Mammana's allegations.
B. Analysis
The sole issue in this appeal is whether Mammana's allegations regarding the conditions of his confinement satisfy the first prong under the Eighth Amendment-an objective deprivation of sufficient seriousness. We conclude that Mammana has adequately alleged an excessive risk to inmate health and safety from the extreme and protracted deprivation of warmth and the ability to sleep presented in this case.[36]
Mammana alleges that, for a continuous period over several days, he was denied clothing and bedding and subjected to low cell temperatures while his cell was constantly lit. "Conditions ... alone or in combination[ ] may deprive inmates of the minimal civilized measure of life's necessities."[37] As the Supreme Court has observed, "[s]ome conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces *374 the deprivation of a single, identifiable human need such as food, warmth, or exercise."[38]
Mammana has alleged such "mutually enforcing" conditions.[39] Mammana alleges that he was deprived of his clothing, provided only "paper like" coverings instead,[40] denied bedding, and exposed to low cell temperatures and constant bright lighting for four days. The Supreme Court has explained that "a low cell temperature at night combined with a failure to issue blankets" could constitute an unconstitutional deprivation.[41] Likewise, we have noted that denying a prisoner appropriate clothing with "no legitimate penological reason" may offend the Eighth Amendment.[42] Mammana also claims that, as a result of these conditions, he could "hardly sleep," and when he did fall asleep he would "wake up frequently shivering,"[43] all of which caused him "to suffer physical and psychological harm."[44] "[S]leep is critical to human existence, and conditions that prevent sleep have been held to violate the Eighth Amendment."[45] Additionally, bright, constant illumination that causes "grave sleeping problems and other mental and psychological problems" can establish an Eighth Amendment deprivation.[46] Together, Mammana's alleged deprivations and exposure reflect more than the denial of a "comfortable prison[ ],"[47] but rather the denial of "the minimal civilized measure of life's necessities,"[48] in particular, warmth and sufficient sleep.
IV. Conclusion
For the foregoing reasons, we will vacate and remand for further proceedings.

JA 41.

Id.

JA 42.

JA 43.

Id.

Id.

Id.

JA 44.

Id.

Id.

Id.

Id.

Mammana v. Fed. Bureau of Prisons , No. 4:17-cv-00645, 2018 WL 4051703, at *1 (M.D. Pa. Aug. 24, 2018) (alteration in original).

The District Court had subject-matter jurisdiction under 28 U.S.C. § 1331. We have jurisdiction to review the District Court's final judgment pursuant to 28 U.S.C. § 1291.

Connelly v. Lane Constr. Corp. , 809 F.3d 780, 786 n.2, 790 (3d Cir. 2016).

Ashcroft v. Iqbal , 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly , 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ).

Id. (citing Twombly , 550 U.S. at 556, 127 S.Ct. 1955 ).

Id. at 679, 129 S.Ct. 1937.

U.S. Const. amend. VIII.

Wilson v. Seiter , 501 U.S. 294, 297, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991) (citing Estelle v. Gamble , 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) ).

Id. at 300, 111 S.Ct. 2321.

Id. at 297, 111 S.Ct. 2321 (quoting Estelle , 429 U.S. at 104, 97 S.Ct. 285 ) (emphasis in original).

Id. at 308, 111 S.Ct. 2321 (quoting Rhodes v. Chapman , 452 U.S. 337, 346, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981) ).

Id. at 302, 111 S.Ct. 2321 (quoting Whitley v. Albers , 475 U.S. 312, 320, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986) ).

Farmer v. Brennan , 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

Id. (quoting Wilson , 501 U.S. at 298, 111 S.Ct. 2321 ).

Id. (quoting Rhodes , 452 U.S. at 347, 101 S.Ct. 2392 ).

Rhodes , 452 U.S. at 349, 101 S.Ct. 2392.

Farmer , 511 U.S. at 832, 114 S.Ct. 1970.

Id. at 834, 114 S.Ct. 1970 (citing Helling v. McKinney , 509 U.S. 25, 35, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993) ).

Chavarriaga v. N.J. Dep't of Corr. , 806 F.3d 210, 227 (3d Cir. 2015).

Farmer , 511 U.S. at 834, 114 S.Ct. 1970 (quoting Wilson , 501 U.S. at 297, 111 S.Ct. 2321 ).

Id. (quoting Wilson , 501 U.S. at 302-03, 111 S.Ct. 2321 ).

Woloszyn v. County of Lawrence , 396 F.3d 314, 321 (3d Cir. 2005) (omissions in original) (quoting Beers-Capitol v. Whetzel , 256 F.3d 120, 133 (3d Cir. 2001) ).

Farmer , 511 U.S. at 837, 114 S.Ct. 1970.

Mammana also argued in the District Court and on appeal that he was deprived of exercise and adequate meals. The Amended Complaint, however, contains no allegations regarding either of those claims, and they were properly dismissed.

Rhodes , 452 U.S. at 347, 101 S.Ct. 2392.

Wilson , 501 U.S. at 304, 111 S.Ct. 2321 (emphasis omitted).

Id.

JA 44.

Wilson , 501 U.S. at 304, 111 S.Ct. 2321 ; accord Gaston v. Coughlin , 249 F.3d 156, 164 (2d Cir. 2001) ("We have held that an Eighth Amendment claim may be established by proof that the inmate was subjected for a prolonged period to bitter cold.").

Chavarriaga , 806 F.3d at 229. In Chavarriaga , we concluded, inter alia , that forcing a female inmate to walk "naked in plain view of male prison personnel and inmates to reach a shower" was "a malicious act intended to humiliate her for no legitimate penological reason" and constituted a deprivation under the Eighth Amendment. We also concluded, however, that a claim under the Eighth Amendment could not be premised on the "mere[ ]" deprivation of clothing, especially where the inmate "was sheltered from the elements." Id. at 229 (citing Williams v. Delo , 49 F.3d 442, 443-47 (8th Cir. 1995) ). That statement is consequently inapplicable to this case, as Mammana has alleged exposure to the elements-namely, the low temperatures of the Yellow Room.

JA 44.

JA 47.

Walker v. Schult , 717 F.3d 119, 126 (2d Cir. 2013) ; accord Harper v. Showers , 174 F.3d 716, 720 (5th Cir. 1999) ("[S]leep undoubtedly counts as one of life's basic needs.").

Keenan v. Hall , 83 F.3d 1083, 1090-91 (9th Cir. 1996) (internal quotation marks and citation omitted).

Wilson , 501 U.S. at 298, 111 S.Ct. 2321 (quoting Rhodes , 452 U.S. at 349, 101 S.Ct. 2392 ).

Id. (quoting Rhodes , 452 U.S. at 347, 101 S.Ct. 2392 ).