**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2580
_____

KEVIN COIT,
               Appellant

v.

Mr. GARMAN, (Facility Manager);
Mr. PASQUALE (Unit Manager);
HARSHBARGER; Lt. GATES;
LYTLE; CLEVELAND; CO CONDO; CO FLOREY;
CO CONKLIN; CO SEYMOUR;
CO Ward; CO EDWARDS;
HEARING EXAMINER PILOSI
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:17-cv-01438)
District Judge:  Honorable Yvette Kane
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 6, 2020
Before:  SHWARTZ, RESTREPO and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 5, 2020)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Kevin Coit, a prisoner proceeding pro se, appeals the District Court's order granting summary judgment to the defendants. For the reasons detailed below, we will affirm.

I.

Coit, who was previously housed at SCI-Rockview, brought this action under 42 U.S.C. § 1983 against 12 prison officials at that institution, asserting claims under the First and Eighth Amendments for excessive force, sexual assault, failure to protect, deliberate indifference, excessive cell searches, unconstitutional conditions of confinement, retaliation, and denial of access to the courts. The District Court granted summary judgment in the defendants' favor on the merits.[1]

Briefly, the facts of the case are as follows. On February 24, 2017, Coit was handcuffed so he could be brought to participate in a mental health program. He refused a pat down and was placed back in his cell, where he refused to let officers remove his handcuffs. A struggle ensued, during which Coit claims the officers used excessive force and inserted an object into his anus. The incident was recorded on video. After the handcuffs were removed, Coit began cutting himself with a piece of glass from a broken desk light. He was then escorted to the medical unit for treatment. After this incident, Coit's cell was searched six or seven times over the next two months.

---

[1] We note that the defendants also argued that Coit had failed to exhaust his administrative remedies. The District Court disagreed, concluding that he had properly exhausted. The defendants have not challenged that holding on appeal.

On March 22, 2017, Coit told a prison official that another inmate, Jones, had threatened to stab him. Later that day, as Coit was being escorted, Jones pounced on him and stabbed him several times in the back of the head with a piece of metal mesh. Officers quickly moved to protect Coit, and he was immediately given medical attention. The wound did not require bandages or stitches. The stabbing incident was recorded on video.

On April 10, 2017, Coit was involuntarily escorted to the medical unit after he refused 10 consecutive meals. He claimed a correctional officer punched him in the back of the head en route, and that, upon arrival, corrections officers used excessive force in removing his clothes and placing him in a suicide smock. He also claimed an officer inserted a finger into his anus. During the incident, Coit resisted and ended up face first on the floor, resulting in minor injuries to his nose and lip. This incident was also recorded on video.

At a disciplinary hearing held on April 17, 2017, Coit pleaded guilty to charges of threatening and assaulting an officer by throwing a cup of liquid at the officer. Coit said it was water; the charges claimed it was urine. He was sentenced to 180 days of disciplinary conduct (the maximum amount permissible). He was also found guilty of a charge of unauthorized use of a telephone. He lost phone privileges for 180 days.

From May 16, 2017 through May 30, 2017, Coit was confined in his cell in the secure residential treatment unit for 24 hours a day, with the lights on, no running water, and "very little food." The cell was cold and he was deprived of a blanket and sheets.

3

Coit smeared his own feces and blood on the wall; he cut himself with a staple to produce the blood.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's grant of summary judgment for defendants. See Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014).

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions" of the record which demonstrate the absence of a genuine dispute of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party meets its burden, the nonmoving party then must present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(c)(1), (e)(2); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A court should grant summary judgment where the non-movant's evidence is merely colorable or not significantly probative, Anderson, 477 U.S. at 249-50, because "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial,'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted).

## III.

4

We begin by noting that Coit has waived his claim for denial of access to the courts by failing to raise them in his brief. See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005) ("[A]n appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal."). The defendants assert that Coit has waived his other claims by failing to raise them on appeal. However, we conclude that Coit's other claims were properly presented in his brief.

With regard to Coit's Eighth Amendment claims for excessive force, sexual assault, failure to protect, and deliberate indifference concerning the incidents of February 24, March 22, and April 10, 2017, we conclude that summary judgment was properly granted in favor of the defendants for the reasons explained by the District Court. In short, our review of the video evidence confirmed that the defendants were clearly entitled to judgment as a matter of law regarding these claims. See Scott v. Harris, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.").

Defendants were also entitled to summary judgment as to Coit's claim for excessive cell searches. The Supreme Court has held that prisoners have no reasonable expectation of privacy in their cells, but has noted that the Eighth Amendment protects prisoners against corrections officers "rid[ing] roughshod over inmates' property rights with impunity," in a "calculated harassment unrelated to prison needs." Hudson v. Palmer, 468 U.S. 517, 530 (1984). As explained by the District Court, there is no

5

genuine issue of material fact that the searches, which began after Coit's February 24, 2017 self-mutilation, were for his safety, and not to harass him.

With regard to Coit's retaliation claim, the defendants concede that filing grievances is a constitutionally protected activity, and that excessive disciplinary time can constitute an adverse action.[2] Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) ("A prisoner alleging retaliation must show (1) constitutionally protected conduct, (2) an adverse action by prison officials sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the exercise of his constitutional rights and the adverse action taken against him.") (internal citation and quotation marks omitted). With regard to a causal link, the District Court concluded that Coit had "presented no evidence to suggest that the sanction imposed by defendant Pilosi was not reasonably related to a legitimate penological interest." (Dkt. No. 85 at 21). However, in his sworn complaint, Coit alleged that after defendant Pilosi, the hearing officer, imposed his disciplinary time, she told him "this is what you get for filing grievances and making p.r.e.a complaints."[3] As acknowledged by the District Court, (id. at 5 n.3), a sworn complaint can be treated as an affidavit on summary judgment. See, e.g., Reese v. Sparks, 760 F.2d 64, 67 (3d Cir. 1985).

The defendants argue that summary judgment was properly granted in light of Coit's response at his deposition to the question of why he believed that defendant Pilosi was biased against him: "Because they had no evidence to support any of the allegations.

---

[2] The defendants do not concede that Coit's disciplinary time was excessive.
[3] Presumably, "p.r.e.a" referred to the Prison Rape Elimination Act

6

She had told me personally that this is what I get for assaulting her officers." (Dkt. No. 60-1 at 74). Given that one of the charges to which Coit pleaded guilty was for assault (although he denied that there was urine in the cup he had thrown), Pelosi's attributed statement does not evince a motive to retaliate, but rather provides a logical explanation for the sanction imposed. In other words, the statement appears to be little more than an observation that prison rules provide for punishment for disciplinary infractions. Furthermore, nowhere in Coit's responsive filings to the summary judgment motion did he assert that defendant Pilosi told him that he was being sanctioned for filing grievances or complaints. In light of the glaring omission of Coit's key complaint allegation from both his deposition testimony and his filings in response to the summary judgment motion, we will consider this allegation, in these circumstances, to effectively be a sham affidavit, and conclude that no reasonable jury could afford it evidentiary weight. See Matsushita, 475 U.S. at 587 ("Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'") (citation omitted); cf. Zavala v. Wal-Mart Stores Inc., 691 F.3d 527, 547 (3d Cir. 2012) (discussing the sham affidavit doctrine; *i.e.*, a contradictory sworn statement or omission); Jiminez v. All Am. Rathskeller, Inc., 503 F.3d 247, 253 (3d Cir. 2007).[4] Accordingly, summary judgment was appropriately granted with respect to the retaliation claim.

---

[4] Although typically we have applied the sham affidavit doctrine when the affidavit in question was filed in response to a summary judgment motion, given the circumstances of this case, we find that it is applicable here.

7

The District Court also appropriately granted summary judgment on Coit's conditions-of-confinement claim. Although Coit claimed that from May 16 through May 29, 2017, he was confined in a cold cell with no sheets or blankets, he testified at his deposition that he was given a suicide smock after a few hours. It is undisputed that he was coming off of a suicide attempt, thus providing legitimate penological reason for removing items from the cell (such as sheets, blankets, and pillows), which he could use to either harm himself or block guards from observing his condition. Cf. Mammana v. Fed. Bureau of Prisons, 934 F.3d 368 (3d Cir. 2019) (holding that the plaintiff had an Eighth Amendment conditions-of-confinement claim where, *inter alia*, plaintiff was kept in a cold cell with paper thin clothing for four days, and noting that "denying a prisoner appropriate clothing with no legitimate penological reason may offend the Eighth Amendment.") (internal citation and quotation marks omitted). Additionally, Coit's allegations that his cell was cold were vague and conclusory and did not elaborate with specificity regarding the severity of the cold or the harm he faced. See id. at 373 (noting that the Eighth Amendment "does not mandate comfortable prisons," and that for a successful claim, an inmate must show that he is incarcerated "under conditions posing a substantial risk of serious harm.") (internal citations and quotation marks omitted); Paladino v. Newsome, 885 F.3d 203, 208 (3d Cir. 2018) (explaining that conclusory statements are insufficient to withstand summary judgment); Quiroga v. Hasbro, Inc., 934 F.2d 497, 500 (3d Cir. 1991) (noting that "vague statements" are insufficient to create a material question of fact precluding summary judgment). Furthermore, although Coit claimed he received "very little food" and that the water in his cell was shut off, it was

8

undisputed that he had a history of engaging in hunger strikes (including during the month prior), he in no way elaborated on what "very little food" constituted, and by all indications in the record he had access to drinking water (just not running water). See Mammana, 934 F.3d at 373; Paladino, 885 F.3d at 208; Quiroga, 934 F.2d at 500. He also did not allege or testify as to any issues that arose from his bare bones claim of not having running water. Cf. Young v. Quinlan, 960 F.2d 351, 365 (3d Cir. 1992) ("When viewed in their totality, the alleged actions of Lewisburg prison officials -- not allowing Young to leave his cell more than once to defecate or urinate over a period of several days, not providing Young with a plastic urinal for 29 hours, not allowing Young to empty his urinal more than twice, not allowing Young to wash his hands before eating, not allowing Young to bathe or shower, not providing Young with toilet paper despite his diarrhea, not providing Young with water to drink, suggesting instead that he drink his urine, and the mocking taunts by guards and their threats to chain Young to a steel slab if he complained about his conditions -- would if proved demonstrate a violation of the basic concepts of humanity and decency that are at the core of the protections afforded by the Eighth Amendment."). The totality of these alleged circumstances, combined with Coit's claim that he smeared his own feces and blood on the wall, are insufficient to support an Eighth Amendment conditions-of-confinement claim.

Lastly, the District Court did not abuse its discretion in denying Coit's motion for appointment of counsel. See Tabron v. Grace, 6 F.3d 147, 155-56 (3d Cir. 1993). While it seems apparent that Coit suffers from some mental health issues, he nonetheless seems

9

capable of adequately proceeding in a pro se capacity. Cf. Powell v. Symons, 680 F.3d 301 (3d Cir. 2012).