**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3600
_____

GARTOR KIKI BROWN,
                                        Appellant

v.

MIKE MOORE;
C.E.C. COMMUNITY EDUCATION CENTERS;
DOCTOR RONALD PHILLIPS;
HENRY SLADEX, Deputy Warden of Security;
WARDEN BURNS; SERGEANT CARTER

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-16-cv-03887)
District Judge: Honorable Gerald A. McHugh

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on May 13, 2022

Before: KRAUSE, BIBAS, and SCIRICA, Circuit Judges

(Opinion filed: June 1, 2022)

_____

———————

OPINION[*]

———————

PER CURIAM

Gartor Kiki Brown, proceeding pro se, appeals orders of the United States District Court for the Eastern District of Pennsylvania granting Appellees' motions to dismiss his civil rights action and motions for summary judgment. We will affirm the judgment of the District Court.

In 2016, Brown, then an inmate at the George W. Hill Correctional Facility, filed a pro se complaint against its operator, Community Education Centers ("CEC"), Warden Henry Sladex, employee Mike Moore, and Dr. Ronald Phillips. Brown claimed that the defendants violated his Eighth Amendment rights by failing to protect him and by denying him adequate medical treatment after he was assaulted by other inmates. The defendants moved to dismiss the complaint for failure to state a claim for relief.

The District Court construed Brown's complaint and his filing in response to the motion to dismiss together as his complaint. Brown alleged that he told Moore that he had enemies in the housing unit where Moore intended to place him but that Moore placed him there anyway. About a month later, on October 19, 2015, three inmates assaulted Brown. He averred that he was hit with a food tray, lost a tooth, and broke his jaw. Brown and the inmates were placed in administrative segregation. Two days later, on October 21, 2015,

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Brown and one of his attackers, Saleem Anderson, were let out of their cells at the same time and Anderson allegedly assaulted Brown again. Brown averred that he saw Dr. Phillips after both incidents and that Phillips denied him treatment for his injuries.

The District Court ruled that Brown stated claims against Moore for failure to protect him from harm and against Phillips for denial of medical treatment. It dismissed without prejudice any such claims against the other defendants. It also ruled that Brown had failed to state claim against CEC or Warden Sladex under a theory of entity or supervisory liability. Brown was afforded leave to file an amended complaint.

Brown filed an amended complaint adding Warden Byrne and Sergeant Carter as defendants. He alleged that Carter "buzzed" him and Anderson out of their cells in segregation at the same time. He alleged no facts involving Warden Byrne, but he stated that he told Warden Sladex that he was denied medical treatment. Brown averred that CEC had a custom that allowed him and Anderson to be confined on the same block and next to each other in segregation. And he stated that CEC used hard food trays for meals without adequate supervision.

Thereafter, the District Court granted motions by CEC and Wardens Sladex and Byrne to dismiss Brown's amended complaint for failure to state a claim under 42 U.S.C. § 1983 and ruled that further amendment would be futile. It also granted summary judgment in favor of Moore and Carter on Brown's failure-to-protect claims. The District Court denied Dr. Phillips' motion to dismiss or for summary judgment. It ruled that Brown stated an Eighth Amendment claim for denial of medical treatment and that his affidavit created a

3

factual issue as to whether Phillips was deliberately indifferent to his serious medical needs.

Brown's case was then assigned to a different District Judge. Following discovery, the District Court granted another motion for summary judgment filed by Phillips. It concluded that Brown's testimony alone was insufficient to establish a genuine issue of material fact as to the seriousness of his medical condition in light of substantial evidence to the contrary. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over decisions granting motions to dismiss and motions for summary judgment. Mammana v. Fed. Bureau of Prisons, 934 F.3d 368, 371-72 (3d Cir. 2019) (motion to dismiss); Thomas v. Tice, 948 F.3d 133, 137 (3d Cir. 2020) (summary judgment motion).

Brown argues on appeal that the District Court erred in dismissing his claims against CEC and Wardens Sladex and Byrne. He contends that Sladex knew about assaults against him in the past, that he saw Sladex after both incidents, and that Sladex was aware of his alleged injuries and inadequate treatment. He reiterates that there was no supervision over access to food trays, which inmates used as weapons.

We agree with the District Court's conclusion that Brown did not allege sufficient facts to establish a plausible claim that any injury resulted from the execution of a policy or custom of CEC. See Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658, 694 (1978) (holding a municipality may be liable under § 1983 only when injury results from its policy or custom); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (requiring sufficient

4

factual matter to state a facially plausible claim).[1] Insofar as Brown noted other acts of violence by inmates in his response to the motion to dismiss, these incidents were not similar to his or were insufficient to show that his harm was caused by the execution of a CEC policy or custom.

We also agree that Brown failed to state a claim against Sladex and Byrne. Brown was seen by medical staff after both incidents and he did not adequately allege that his injuries were caused by a deficient supervisory policy. See Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004) (stating that non-medical officials will not be liable for deliberate indifference to medical needs unless they had reason to believe doctors were not providing treatment); Barkes v. First Corr. Med., Inc., 766 F.3d 307, 317, 320 (3d Cir. 2014) (addressing supervisory liability), rev'd on other grounds sub nom. Taylor v. Barkes, 575 U.S. 822 (2015) (per curiam).[2]

Brown also challenges the District Court's grant of summary judgment in favor of Moore and Carter on his failure-to-protect claims. The District Court, however, did not err in ruling that Moore did not have sufficient knowledge of a substantial risk to Brown's safety before the October 19 assault. See Bistrian v. Levi, 696 F.3d 352, 367 (3d Cir. 2012) (requiring such knowledge to establish claim of deliberate indifference). The record does

---

[1] While CEC is a private entity, the parties do not dispute the applicability of Monell. We do not consider this question. See Groman v. Twp. of Manalapan, 47 F.3d 628, 638-39 (3d Cir. 1995) (addressing private entity liability under § 1983).

[2] To the extent Brown claimed below that Byrne, with Sladex present, acknowledged his injuries and said that there was nothing they could do if Phillips would not treat him, as discussed infra, his alleged injuries were not borne out in discovery.

5

not reflect that Brown told Moore about a specific threat of harm or information about his relationship with the inmates who attacked him that suggested such a risk. And Brown has not shown that his and Anderson's placement in administrative segregation after that assault was not a reasonable response to avoid further harm. See Farmer v. Brennan, 511 U.S. 825, 844 (1994).

Brown argues that the District Court erred by making credibility determinations, presumably by noting Carter's statement in the Incident Report that he accidentally let Brown and Anderson out of their segregation cells at the same time. Brown states that Carter intentionally opened the doors in order to orchestrate a fight. But Brown does not point on appeal to evidence that is independent of his own account of the incident. He similarly cites no evidence to support his assertion that he was knocked unconscious, an assertion that is belied by Carter's report and the reports of two other officers and a member of the medical staff. See Scott v. Harris, 550 U.S. 372, 380 (2007) (stating there is no genuine issue for trial where "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party") (internal quotation marks omitted).

Brown also contends that the District Court erred in granting summary judgment in favor of Phillips where the District Judge first assigned to the case had denied Phillips' motion and Phillips relied on the same evidence in his renewed motion. He asserts that the first District Judge correctly decided that his affidavit created a factual issue as to whether Phillips was deliberately indifferent to his serious medical needs.[3] Brown had stated (1)

---

[3] The District Judge treated Brown's opposition to Phillips' motion, which was based on Brown's personal knowledge, as an affidavit for purposes of summary judgment.

that after the first incident he could not open his mouth and he told Phillips that he was struck with a lunch tray; (2) that a prison official said in Phillips' presence that Brown looked "like he ha[d] a tennis ball in his jaw;" (3) that after the second incident his face was bleeding and he told Phillips that he was knocked unconscious; and (4) that Phillips failed to treat him after both incidents.

The District Court recognized that Phillips' earlier motion for summary judgment had been denied, but noted that the decision was interlocutory and before the parties had completed discovery. After that decision, Phillips produced over 1,500 pages of documents. The District Court ruled that Brown's testimony did not create a genuine issue of fact where it was contradicted by the incident reports and his medical records, which did not reflect that he had any serious medical needs. See 10/21/20 Memorandum at 6-7 (discussing evidence). It noted that for Brown's statement of his injuries to be correct, at least six prison employees would have had to falsify their reports.

The District Court did not err in granting summary judgment after discovery was complete. See 10/21/20 Memorandum at 4-5 (citing cases). And the record supports its conclusion that there was no genuine issue of fact as to whether Brown had the requisite serious medical need for a deliberate indifference claim.[4]

Finally, to the extent Brown argues that he was entitled to greater constitutional protection than that afforded by the Eighth Amendment because he was a pre-trial detainee,

---

[4] The District Court ordered Phillips to send the Court the medical records that he produced to Brown during discovery. We have not reviewed these records, which were not filed and are not part of the record. Brown does not contend that these records support his claim.

Brown did not state that he was a pre-trial detainee or raise this argument below. He has forfeited any such argument. See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 146 (3d Cir. 2017).

Accordingly, we will affirm the judgment of the District Court.