NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2685
_____

DAVID PRYCE, III,

v.

PRIMECARE MEDICAL; CHESTER COUNTY; CHESTER COUNTY PRISON;
GOURMET DINERS
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:21-cv-00753)
District Judge: Honorable Gerald J. Pappert
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 1, 2025

Before: SHWARTZ, MONTGOMERY-REEVES, and SCIRICA, Circuit Judges

(Filed: May 5, 2025)
_____

OPINION[*]
_____

**PER CURIAM**

David Pryce, III, appeals the District Court's dismissal of his second amended

complaint. We will affirm the judgment as modified.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

I.

Pryce was a Pennsylvania state prisoner. In 2023, Pryce filed a second amended complaint against Chester County Prison, Chester County, GD Correctional Services, LLC,[1] Primecare Medical, Inc.,[2] and other individuals. Pryce alleged that he "got sentenced 2x for the same charge max out" and received the "wrong charge," that he "got hit by a state employee," and that he "got covid because the prison would not protect" him. After defendants GD Correctional Services and Primecare Medical moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), Pryce provided additional detail to his allegations in response, including that he was beaten by his supervisor when he worked as a cook, the prison failed to treat his resulting injuries, and he was denied an inhaler for his asthma.

The District Court liberally construed Pryce's complaint as alleging excessive force and deliberate indifference claims and determined that Pryce failed to state a plausible claim for relief. The District Court also determined that Pryce could not bring a civil complaint challenging his sentence because he failed to plead that the sentence had been previously invalidated. The Court dismissed all claims against the defendants with prejudice, except for Pryce's excessive force claims, which it dismissed without

---

[1] Although Pryce named "Gourmet Diners" in the complaint, Defendant GD Correctional Services, LLC, appeared and explained that the entity was improperly pleaded as "Gourmet Diners." GD Correctional Services contracted with Chester County to manage food services in the prison.

[2] Primecare Medical, Inc., contracted with Chester County to provide medical services to prison inmates.

prejudice.  The District Court gave Pryce time to file amended claims for excessive force against GD Correctional Services and Pryce's supervisor. Instead of filing an amended complaint, Pryce filed a notice of appeal, in which he indicated his intent to stand on his second amended complaint.

## II.

We have jurisdiction under 28 U.S.C. § 1291.[3]  Pryce arguably has forfeited some issues on appeal by failing to brief them, see Emerson v. Thiel Coll., 296 F.3d 184, 190 n.5 (3d Cir. 2002) (per curiam), but he does raise several issues that we will address.  We review the District Court's dismissal for failure to state a claim de novo.  See Doe v. Princeton Univ., 30 F.4th 335, 341 (3d Cir. 2022).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Because Pryce is proceeding pro se, the Court construes his claims liberally, but Pryce's complaint still must contain sufficient facts to support a claim for relief.  See Vogt v. Wetzel, 8 F.4th 182, 185 (3d Cir. 2021).

---

[3] Because Pryce has clearly and unequivocally declined amendment and has stated that he seeks to proceed with this appeal by standing on the allegations in his second amended complaint, the District Court's order is final and reviewable.  See Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976) (per curiam); see also Weber v. McGrogan, 939 F.3d 232, 240 (3d Cir. 2019) ("[A] clear and unequivocal intent to decline amendment and immediately appeal that leaves no doubt or ambiguity can allow us to exercise jurisdiction.").

To the extent that Pryce challenges the District Court's dismissal of the excessive force claim against GD Correctional Services, we conclude that the District Court committed no error. It is unclear from the pleadings whether the alleged assault occurred before or after Pryce's conviction and sentence.[4] But either way, Pryce failed to plead sufficient facts to allege plausibly that GD Correctional Services was responsible for Pryce's injuries. Pryce alleged no facts suggesting that any of GD Correctional Services' policies or customs caused the alleged constitutional violation. See Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 583-84 (3d Cir. 2003). The District Court therefore did not err by dismissing the claim.

Next, the District Court did not err by dismissing Pryce's deliberate indifference claims. Pryce failed to identify which defendants denied him medical care. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Moreover, he failed to allege that any of Primecare Medical's customs or policies caused a constitutional violation. See Natale, 318 F.3d at 584. To the extent that Pryce's complaint and supplemental responses could be construed as bringing a claim for unconstitutional confinement conditions, Pryce did not state why his housing conditions were unconstitutional, other than the conclusory allegation that his placement was "unsafe," and that he contracted COVID-19. Cf.

---

[4] To state an excessive force claim for an event that occurred while the plaintiff was a pretrial detainee, the plaintiff must show "that the force purposely or knowingly used against him was objectively unreasonable." Jacobs v. Cumberland Cnty., 8 F.4th 187, 194 (3d Cir. 2021) (quoting Kingsley v. Hendrickson, 567 U.S. 389, 396-97 (2015)). For a convicted prisoner to state an excessive force claim, the plaintiff must additionally show that the force was imposed "maliciously and sadistically for the very purpose of causing harm." Id. at 193 (quoting Whitley v. Albers, 475 U.S. 312, 320-21 (1986)); see also Smith v. Mensinger, 293 F.3d 641, 649 (3d Cir. 2002).

4

Mammana v. Fed. Bureau of Prisons, 934 F.3d 368, 372-74 (3d Cir. 2019). Thus, dismissal of these claims was appropriate.

Finally, the District Court correctly dismissed Pryce's claims based on his sentence because he did not allege that he successfully challenged the judgment of sentence on appeal or by collateral attack, or that his sentence was otherwise held invalid. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Dismissal of these claims with prejudice, however, was error. See Curry v. Yachera, 835 F.3d 373, 379 (3d Cir. 2016) (collecting cases explaining that dismissal of a Heck claim should be without prejudice). Accordingly, we will modify the order of dismissal regarding Pryce's claims about his sentence to reflect that they are dismissed without prejudice to his ability to assert them if his sentence is invalidated. See id.

Because Pryce failed to state a plausible claim for relief, he was not entitled to discovery. See Iqbal, 556 U.S. at 686. Accordingly, we will affirm the District Court's judgment as modified and deny any other relief sought on appeal.